UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   4:08CV1503 TIA |
| ST. LOUIS RAMS PARTNERSHIP, RAMS FOOTBALL COMPANY, INC., and ITB FOOTBALL COMPANY, L.L.C., d/b/a ST. LOUIS RAMS, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff-Intervener Ronald DuBuque's Motion for Leave to Intervene Pursuant to Fed.R.Civ.P. 24 (Docket No. 2).  No opposition has been filed to DuBuque's Motion for Leave to Intervene.

The United States Equal Employment Opportunity Commission ("EEOC") commenced this action on September 30, 2008, by filing a complaint against the St. Louis Rams Partnership, Rams Football Company, Inc., and ITB Football Company, L.L.C., d/b/a St. Louis Rams (collectively the "Rams"), for violations of Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 (collectively the "ADA").  The claims asserted by the EEOC against the Rams arise from the actions of the Rams against Plaintiff-Intervener Ronald DuBuque. On October 30, 2008, Plaintiff-Intervener DuBuque filed the instant motion to intervene as a matter of right in this action, citing Rule 24(a)(1) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 24(a) imposes the requirement that the application to intervene be timely. Nevilles v. EEOC, 511 F.2d 303 (8th Cir. 1975). Rule 24(a)(2) provides that a timely motion to intervene shall be granted if: (1) the proposed intervener claims an interest relating to the property or transaction which is the subject of the action; (2) the interest may be impaired; and (3) the interest is not adequately represented by an existing party to the action. See Jenkins by Jenkins v. State of Missouri, 78 F.3d 1270, 1274 (8th Cir. 1996). Likewise, a proposed intervener under Rule 24 must have Article III standing. Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999). Standing under Article III of the Constitution requires that a would-be litigant make a showing of three elements: (1) an "injury in fact," which is an invasion of a legally protected interest that is concrete, particularized and either actual or imminent; (2) the existence of a casual connection between the alleged injury and the conduct being challenged; and (3) redressability; *i.e.*, that the injury is likely to be remedied by a favorable decision. Id.

The Court finds that Plaintiff-Intervener DuBuque has standing because he alleges injury in fact, *i.e.*, a violation of Title I, there is a causal connection between his alleged injuries and the conduct of the Rams being challenged, and the injury is likely to be remedied by a favorable decision. The Court also finds that DuBuque's motion to intervene is timely, and he meets the elements of Rule 24(a). The first element is satisfied, because DuBuque claims an interest in the resolution of claims that he suffered for violations of his federally protected right under the ADA. The second and third elements are also satisfied, as the EEOC is primarily concerned with injunctive relief addressing the Rams' alleged violations of his rights under the ADA, while DuBuque is interested in also seeking monetary relief for his suffering severe emotional and

financial harm as a direct result of the Rams' unlawful actions.  DuBuque's rights may be impaired if he is not permitted to intervene to assert these interests.

For the foregoing reasons, the motion to intervene should therefore be granted and Ronald DuBuque should be permitted to file his complaint.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff-Intervener Ronald DuBuque's Motion for Leave to Intervene Pursuant to Fed.R.Civ. P. 24 (Docket No. 2) is GRANTED and he is joined as a party plaintiff in this case.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption of this case to read as follows: *Equal Employment Opportunity Commission, Plaintiff, and Ronald DuBuque, Intervener-Plaintiff, v. St. Louis Rams Partnership, Rams Football Company, Inc., and ITB Football Company, L.L.C., d/b/a St. Louis Rams, Defendants,* Cause No. 4:08-CV-1503 TIA.  The parties shall use this caption on all future pleadings.


Dated this 14th day of November, 2008.

        /s/Terry I. Adelman
UNITED STATES MAGISTRATE  JUDGE