IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
And )
)
RONALD DUBUQUE, )
)
    Plaintiff, )
)
    v. )  Case No.: 4:08-CV-01503-TIA
)
THE ST. LOUIS RAMS PARTNERSHIP, )
THE RAMS FOOTBALL COMPANY, INC.,)
and ITB FOOTBALL COMPANY, L.L.C. )
d/b/a ST. LOUIS RAMS, )
)
    Defendants. )
)

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission ("EEOC") and Ronald DuBuque ("DuBuque") instituted this action alleging that the St. Louis Rams Partnership, the Rams Football Company, Inc, and ITB Football Company, L.L.C. d/b/a St. Louis Rams ("Rams") discriminated against DuBuque in violation of Section 102(a) and (b) of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112(a) and (b), by terminating the employment of DuBuque because of his disability. The Rams deny the allegations asserted against it by the EEOC. For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the

subject matter of this action, (ii) the requirements of the ADA will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among all the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit, including those brought solely by DuBuque against the Rams.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

1. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any violation of the ADA or any executive order, law, rule or regulation dealing with or in connection with disability discrimination in the workplace, or as a finding by any governmental agency or authority, or the Court, of wrongdoing.

2. Defendant shall not discriminate against its employees with respect to hiring, promotion, termination, compensation, or other terms, conditions or privileges of employment on the basis of disability. Nothing in this paragraph is intended to relieve the EEOC of its statutory prerequisites to bringing future lawsuits based on any future alleged violation of ADA.

3. Defendant shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under the ADA; (b) has participated in any investigation by the Commission connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

## II. Relief for Charging Party

1. Defendant will pay a total of $100,000 as compensatory damages to DuBuque. Within twenty (20) days after execution of the Decree, Defendant will mail the entire Settlement Sum to Sherrie Schroder.

2. Defendant will engage DuBuque as a consultant in his field on a non-exclusive two-year agreement, at a salary of $17,000.00 per year as Rehabilitation Specialist.

### III. Posting, Policies and Training

1. Defendant shall post, and cause to remain posted, Exhibit A (the Ram's EEO policies), in locations visible to all employees, for a period of three years, starting from the date of entry of this Decree, at all of its sites in Missouri.

2. Defendant shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in locations visible to all employees, for a period of three years, starting from the date of entry of this Decree, at all of its sites in Missouri.

3. Defendant shall, within six (6) months from the date of entry of this Decree, provide four hours of EEO training to all management and supervisory employees, including one (1) hour related to disability discrimination and reasonable accommodation under the ADA.

### IV. Reporting, Record-keeping, and Access

1. Within six (6) months of the date of entry of this Decree and every 6 months thereafter for the duration of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis Office, a report listing the name of each applicant or employee who requested reasonable accommodation for his or her disability, the date and nature of such request, whether or not he or she was accommodated and the nature of the accommodation provided, or if not accommodated, the reasons, the date of termination, if applicable, and reason(s) for termination. DuBuque and the EEOC affirmatively state that DuBuque did not

request an accommodation for his disability because DuBuque was able to perform the essential functions of his job without accommodation.

2.      Within forty-five (45) days of the entry of this Decree, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming that the notices have been posted and that the posters have been posted as required by Section III, above.

3.      Within forty-five (45) days of the completion of the training required under Section III, above, Defendant shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming completion of said training.  The letter shall include the names of all employees who attended the training.

4.      During the term of this Decree, Defendant shall allow representatives of the EEOC to review Defendant's compliance with this Decree by inspecting and photocopying relevant documents and records, and interviewing employees and management officials on their premises, or its attorneys' offices if Defendant chooses.  Upon reasonable belief of non-compliance, the EEOC shall have the right to inspect the premises, for the purpose of ensuring compliance with the posting requirements set forth herein.  Such review of compliance shall be initiated by written notice to the Defendant's attorney of record at least seven (7) business days in advance. The date and time of the inspection shall be as agreed upon by the parties prior to the inspection.

## V. Term and Effect of Decree

1.      By entering into this Decree the parties do not intend to resolve any charges of discrimination currently pending before the Commission other than DuBuque's charge, which is the basis of this lawsuit.  The parties affirmatively state that they are not aware of any pending charges before the Commission involving Defendant.

2.          This Decree shall be for a period of three years.  During the Decree's term the Court shall retain jurisdiction of this cause for purposes of compliance.  Conclusion of this

Decree shall fully resolve all issues raised in the separate pleadings brought by the EEOC and DuBuque against Defendant.

3. Each party shall bear that party's own costs.

DATE:_____

_____
UNITED STATES DISTRICT JUDGE

FOR DEFENDANT:

By *[signature]*
RAMS FOOTBALL, INC.

FOR PLAINTIFFS:

By *[signature]*
BARBARA A. SEELY
Regional Attorney

By *[signature]*
SHERRIE SCHRODER